```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALLAH JUSTICE,

                 Plaintiff,         ORDER
                                    11-CV-5076(JS)(WDW)
      -against-

CORPORAL MCGOVERN, SHERIFF OF THE
NASSAU COUNTY JAIL,

                 Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:    Allah Justice, Pro Se
                  11007727
                  Nassau County Correctional Center
                  100 Carmen Avenue
                  East Meadow, New York 11554

For Defendants:   No Appearances
```

SEYBERT, District Judge:

On October 17, 2011 incarcerated pro se plaintiff Allah Justice ("Plaintiff") filed his Complaint alleging violation of his civil rights pursuant to 42 U.S.C. § 1983 against defendants Corporal McGovern ("McGovern") and the Sheriff of the Nassau County Jail ("Sheriff")[1], accompanied by an application to proceed in forma pauperis. Upon review of Plaintiff's declaration in support of the application, the Court finds that Plaintiff's financial status qualifies him to file this action without prepayment of the filing fee. Accordingly, the application to proceed in forma pauperis is granted and the Court orders service of the Complaint without prepayment of the filing fee on Defendant McGovern.

---

[1] The Court takes judicial notice that the Sheriff of Nassau County is Michael J. Sposato.

However, for the reasons that follow, the Complaint is sua sponte dismissed as against the Sheriff.

BACKGROUND

Plaintiff's brief handwritten Complaint submitted on the Court's civil rights complaint form alleges a single paragraph:

> On September 8th 2011 while entering the Nassau County jail I was approached by c/o Corporal McGovern and was threatened by him that he was going to harm me the first chance he got. I was told that I would be seriously injured when the time is right. I was assaulted by Corporal McGovern and five other c/o's in August of 2008 in which a lawsuit was filed.

(Compl. at ¶ IV). Plaintiff has left blank the section of the Complaint form that calls for a description of any injuries and what medical treatment was required, if any, and whether such medical treatment was received. (Compl. at ¶ IV. A.). Notwithstanding that Plaintiff has alleged no injuries, he seeks to recover twenty ($20) million dollars. Plaintiff also seeks to have the Defendant "removed from his place of employment and jailed for his actions." (Compl. at ¶ V).

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is

granted.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B) (i-iii). The Court is required to dismiss the action as soon as it makes such a determination. See Id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations

omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d

4

Cir. 2010). The Supreme Court held in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009) that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Id.</u> Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. <u>Rivera v. Fischer</u>, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. <u>See</u> <u>Johnson v. Barney</u>, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010). With these standards in mind, the Court considers the Plaintiff's claims.

    A.   <u>Claims Against Defendant Sposato</u>

Although Plaintiff names Sheriff Sposato as a Defendant, there are no factual allegations concerning him, nor is he even mentioned in the body of the Complaint. Thus, it appears Plaintiff seeks to hold this Defendant liable solely because of the supervisory position he holds. As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. <u>See</u> <u>supra</u> at 5. Similarly, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently

plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d at 237; see also Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), aff'd., 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)). A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no respondeat superior liability under Section 1983. Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by Defendant Sposato. Accordingly, the Section 1983 claim asserted against him is not plausible and is dismissed.

B. Defendant McGovern

As noted above, Plaintiff claims that Defendant McGovern used excessive force in violation of the Eighth Amendment when he physically assaulted Plaintiff together with other officers in 2008 and has allegedly threatened to again assault Plaintiff in retaliation for Plaintiff's complaint concerning the 2008 incident. Though thin, the Court declines to find at this stage that Plaintiff's constitutional claim against Defendant McGovern is implausible. Accordingly, the Court directs service of the Summons

and Complaint upon Defendant McGovern.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is granted, but the Complaint is sua sponte dismissed as against Sheriff Sposato pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). The Clerk of the Court is directed to forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon the remaining Defendant, Corporal McGovern, without prepayment of the filing fee. Furthermore, the Clerk must mail a copy of this Order to the Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December 6, 2011
Central Islip, New York