```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ALLAH JUSTICE,

                      Plaintiff,          MEMORANDUM & ORDER
                                          11-CV-5076(JS)(WDW)
        -against-

CORPORAL McGOVERN,

                      Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:       Allah Justice, pro se
                     #11007727
                     Nassau County Correctional Center
                     100 Carman Avenue
                     East Meadow, NY 11554

For Defendant:       Liora M. Ben-Sorek, Esq.
                     Nassau County Attorney's Office
                     One West Street
                     Mineola, NY 11501
```

SEYBERT, District Judge:

Presently pending before the Court is Defendant Corporal McGovern's ("McGovern") motion to dismiss Plaintiff Allah Justice's Complaint. For the reasons that follow, McGovern's motion is GRANTED.

BACKGROUND

Plaintiff commenced this pro se action against McGovern and the Sheriff of the Nassau County Correctional Facility [1] ("NCCC") alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. The Complaint, which is

---

[1] The Court previously took judicial notice that the Sheriff of Nassau County is Michael J. Sposato. (Docket Entry 6, at n.1.)

handwritten on the Court's civil rights complaint form, alleges a single paragraph which states that:

> On September 8th 2011 while entering the Nassau County jail I was approached by c/o Corporal McGovern and was threatened by him that he was going to harm me the first chance he got. I was told that I would be seriously injured when the time is right. I was assaulted by Corporal McGovern and five other c/o's in August of 2008 in which a lawsuit was filed.

(Compl. ¶ IV.) Plaintiff asserts that there is a grievance procedure in place at NCCC, and, in accordance with that procedure, he notified "them"[2] of the incident that took place on September 8 and was seen by "I-A-U" on October 4, 2011. (Compl. ¶ II.)

Although Plaintiff does not allege that he sustained any injuries or needed any medical treatment as a result of the incident (Compl. ¶ IV.A), he seeks to recover $20,000,000 (Compl. ¶ V). Plaintiff also seeks to have the Defendant "removed from his place of employment and jailed for his actions." (Compl. ¶ V.)

The Complaint, filed on October 17, 2011, was accompanied by an application to proceed in forma pauperis. On December 6, 2011, this Court granted Plaintiff's request to proceed without prepayment of the filing fee but dismissed the claims asserted against the Nassau County Sheriff pursuant to 28

---

[2] The Complaint does not specify who he notified or how.

U.S.C. § 1915(e)(2)(B) because "Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement of Defendant Sposato."  (Docket Entry 6, at 6.)

On December 26, 2011, McGovern filed the pending motion to dismiss the remainder of the Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Docket Entry 8.)

## DISCUSSION

I. Standard of Review

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  First, although the Court must accept all of a complaint's allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Harris, 572 F.3d at 72 (alteration in original) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted).  Second, only complaints that state a "plausible claim for relief" survive a motion to dismiss.  Id. (internal quotation marks and citation omitted). Determining whether a complaint does so is "a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." Id. (internal quotation marks and citation omitted).

Pro se plaintiffs enjoy a somewhat more liberal pleading standard. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted). However, pro se plaintiffs must still comport with the procedural and substantive rules of law. Colo. Capital v. Owens, 227 F.R.D. 181, 186 (E.D.N.Y. 2005).

II. McGovern's Motion to Dismiss

McGovern moves to dismiss on the grounds that: (1) Plaintiff failed to exhaust his administrative remedies prior to commencing suit and (2) Plaintiff otherwise failed to state a claim for relief.

A. Failure to Exhaust Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides, in relevant part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). However, failure to exhaust is an affirmative defense, and the Supreme Court has held that "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). "Dismissal under Rule 12(b)(6) for failure to exhaust is thus appropriate only where nonexhaustion is apparent from the face of the complaint." Roland v. Smith, --- F. Supp. 2d ----, 2012 WL 601071, at *2 (S.D.N.Y. Feb. 22, 2012) (citing McCoy v. Goord, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003)).

Here, Plaintiff's Complaint states that he "present[ed] the facts relating to [his] complaint in the prisoner grievance procedure" in place at NCCC by "notif[ying] them of the incident." (Compl. ¶ II.B-C.) He was ultimately seen by "I-A-U" on October 4, 2011 (Compl. ¶ II.C.2) and was told "that no promises would be made that any full and active investigation would be made" (Pl. Reply 2). McGovern argues that this clearly and unequivocally demonstrates that Plaintiff "has not waited until the conclusion of the investigation, and

thus the end of the grievance procedure"[3] to commence suit, so his Complaint must be dismissed for failure to exhaust the grievance procedures. (McGovern Mot. 6.) However, courts in this Circuit have held that "a pro se plaintiff's pleading references to various efforts that he had made to bring alleged prison violations to the attention of the prison authorities cannot be treated as tantamount to an admission that he had not exhausted his administrative remedies." White v. Schriro, No. 11-CV-5285, 2012 WL 1414450, at *6 (S.D.N.Y. Mar. 7, 2012) (internal quotation marks and citation omitted) (collecting cases), adopted by 2012 WL 1450422 (Apr. 23, 2012). Thus, "[a]ccepting [McGovern's] argument--that it is 'clear' that [P]laintiff has not exhausted unless he pleads that he has-- would impose the very pleading burden that the Supreme Court rejected in Jones." Id. Accordingly, the Court declines to dismiss the Complaint at this stage of the litigation for lack of exhaustion.

---

[3] McGovern asserts that there is a three-step administrative review process for inmate grievances: first, the inmate must submit a complaint to the Grievance Clerk, which is transferred to the inmate grievance resolution committee ("IGRC") for investigation and review; second, after receiving a decision from the IGRC, the inmate must appeal to the superintendent of the facility; and finally, the inmate must appeal the superintendent's decision to the Central Office Review Committee for a final administrative determination. (McGovern Mot. 6 (citing Sanchez v. Fischer, No. 03-CV-4433, 2005 WL 1021178, at *4 (S.D.N.Y. May 2, 2005)).)

6

B.  **Failure to State a Claim under 42 U.S.C. § 1983**

McGovern also argues that Plaintiff's Complaint must be dismissed for failure to state a claim under 42 U.S.C. § 1983. Section 1983 provides in relevant part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

Thus, for a plaintiff to state a claim under § 1983, the complaint must allege that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999) (citing Dwares v. City of N.Y., 985 F.2d 94, 98 (2d Cir. 1993)). Here, McGovern does not dispute he was acting under color of state law. The issue, therefore, is whether his conduct deprived Plaintiff of a constitutionally protected right.

The Court reads Plaintiff's Complaint broadly to assert two claims under Section 1983: one for excessive force under the Eighth Amendment and one for retaliation under the First Amendment.

7

### 1. Excessive Force Claim

McGovern argues that Plaintiff's excessive force claim --i.e., his claim that McGovern's threats violated his right to be free from cruel and unusual punishment under the Eighth Amendment--must be dismissed because Plaintiff failed to plead that McGovern's threats resulted in any injury. (McGovern Mot. 4.) The Court agrees. Courts in the Second Circuit have consistently held that "[m]ere threats, verbal harassment or profanity, without any injury or damage, are not actionable under Section 1983." Mateo v. O'Connor, No. 10-CV-8426, 2012 WL 1075830, at *4 (S.D.N.Y. Mar. 29, 2012); see also Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986) (dismissing defendant's claims against a guard for calling him names without alleging "any appreciable injury"); Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("[V]erbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable 42 U.S.C. § 1983." (internal quotation marks and citation omitted)). Because Plaintiff's Complaint fails to allege that he sustained any injury as a result of McGovern's alleged threats, he has failed to state a claim for a violation of the Eighth Amendment.

## 2. First Amendment Retaliation

The Court also reads Plaintiff's Complaint as asserting a cause of action for retaliation in violation of the First Amendment--i.e., that McGovern's alleged threats were in retaliation for Plaintiff's commencing suit against him in 2008. While "retaliation against a prisoner for pursuing a grievance violates the right to petition government for the redress of grievances guaranteed by the First and Fourteenth Amendments and is actionable under § 1983," Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996) (citing Franco v. Kelly, 854 F.2d 584 (2d Cir. 1988)), the Second Circuit has cautioned that "courts must approach prisoner claims of retaliation with skepticism and particular care." Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). This is because such claims can be "easily fabricated" and "pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration." Id. With this in mind, the Court will address the sufficiency of Plaintiff's claim.

To state a claim for retaliation in violation of the First Amendment, a prisoner must assert non-conclusory allegations establishing: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal

9

connection between the protected speech and the adverse action." Dawes, 239 F.3d at 492; accord Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004). It is well settled that commencing a lawsuit is protected activity, so the Court will focus its discussion on the second and third elements.

### a. Adverse Action

"In the prison context, '[o]nly retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation.'" Mateo v. Fischer, 682 F. Supp. 2d 423, 433 (S.D.N.Y. 2010) (alteration in original) (quoting Dawes, 239 F.3d at 492); see also Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003). If the retaliatory act is not adverse, it "is simply de minimis and therefore outside the ambit of constitutional protection." Davis, 320 F.3d at 353 (quoting Dawes, 239 F.3d at 493). In determining whether a retaliatory act is adverse, "the court's inquiry must be 'tailored to the different circumstances in which retaliation claims arise,' bearing in mind that '[p]risoners may be required to tolerate more . . . than average citizens, before a [retaliatory] action taken against them is considered adverse.'" Id. (alternations in original) (quoting Thaddeus-X v. Blatter, 175 F.3d 378, 398 (6th Cir. 1999)).

McGovern argues that Plaintiff's retaliation claim must be dismissed because verbal threats do not give rise to a constitutional violation. The Court disagrees. "[S]ome verbal threats, even if not serious enough to implicate the Eighth Amendment, can constitute an adverse action." Mateo, 682 F. Supp. 2d at 434. However, "not all do. The less direct and specific a threat, the less likely it will deter an inmate from exercising his First Amendment rights." Id. at 425; see also Dawes, 239 F.3d at 493. The Court need not decide whether McGovern's threat was direct and specific enough to constitute adverse action, because the Court finds that Plaintiff has failed to plead causation.

      b.   Causation

"In order to satisfy the causation requirement, allegations must be 'sufficient to support the inference that the speech played a substantial part in the adverse action.'" Davis, 320 F.3d at 354 (quoting Dawes, 239 F.3d at 492). Here, Plaintiff's Complaint is completely void of any allegations that McGovern's alleged threat was at all related to Plaintiff's previous civil action. Accordingly, Plaintiff has failed to state a claim for retaliation in violation of the First Amendment.

III. Leave to Replead

Although Plaintiff has not specifically requested leave to replead, the Second Circuit has stated that "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Accordingly, the Court grants Plaintiff leave to amend to address the pleading defects articulated above.

CONCLUSION

For the foregoing reasons, McGovern's motion to dismiss Plaintiff's Complaint is GRANTED. However, in an abundance of caution, the Court grants Plaintiff leave to replead. If Plaintiff wishes to address the pleading defects discussed above, he must file an Amended Complaint within thirty (30) days of the date of his Memorandum and Order. Failure to file an Amended Complaint in the time allotted will result in dismissal of the Complaint with prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith; therefore in forma pauperis status is denied for the purposes of an appeal. See Coppedge v. United

12

States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June 12, 2012
      Central Islip, NY