```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ALLAH F. JUSTICE,

                         Plaintiff,
                                             MEMORANDUM & ORDER
           -against-                         11-CV-5076(JS)(WDW)

CORPORAL McGOVERN,

                         Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Allah F. Justice, pro se
                    12A5735
                    Greene Correctional Facility
                    P.O. Box 975
                    Coxsackie, NY 12051

For Defendant:      Liora M. Ben-Sorek, Esq.
                    Nassau County Attorney's Office
                    One West Street
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Pending before the Court are Defendant Corporal McGovern's ("Defendant") motion to dismiss pro se Plaintiff Allah F. Justice's ("Plaintiff) Amended Complaint and Plaintiff's motion for a temporary restraining order and a preliminary injunction. For the following reasons, Plaintiff's motion is DENIED, Defendant's motion is GRANTED, and Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE.

BACKGROUND

Plaintiff commenced this action on October 17, 2011 against Defendant McGovern and the Sheriff of the Nassau County

Correctional Center ("NCCC") alleging violations of his civil rights under 42 U.S.C. § 1983 ("Section 1983") arising out of threats of violence by Defendant and a prior lawsuit by Plaintiff against Defendant. Liberally construed, the Complaint asserted claims of excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment. (Docket Entry 1.) Plaintiff simultaneously filed an application to proceed in forma pauperis. (Docket Entry 2.) On December 6, 2011, the Court granted Plaintiff's request to proceed in forma pauperis but sua sponte dismissed the claims against the Sheriff of NCCC pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b). (Docket Entry 6.)

Defendant moved to dismiss the Complaint on December 26, 2011. (Docket Entry 8.) The Court granted Defendant's motion on June 12, 2012 (Docket Entry 20), finding that: (1) Plaintiff had failed to plead that he suffered any personal injury, which was fatal to his excessive force claim, and (2) he failed to plead that Defendant threatened him because of his prior lawsuit, which was fatal to his retaliation claim. (Docket Entry 20.) See Justice v. McGovern, No. 11-CV-5076, 2012 WL 2155275, at *3-4 (E.D.N.Y. June 12, 2012).

The Court granted Plaintiff leave to file an amended complaint, which he did on June 28, 2012. (Docket Entry 22.)

2

The Amended Complaint, which is handwritten on the Court's civil rights form, states as follows:

> On 9/8/11 while entering the Nassau County Jail I was approached by Corporal McGovern and was told by him that I would be hurt by him and other CO's. He stated that when the time was right I would be dealt with and that he would see to it that I suffer. Sometime when certain shifts work they don't let me out for meals[1] or recreation whenever he works because he is now seargent [sic]. My constitutional rights are being violated by Corporal McGovern living out his threats that he made on 9/8/11.

(Am. Compl. ¶ IV.) Plaintiff seeks $50,000,000 in monetary relief and describes his injuries as follows:

> I am claiming mental injuries due to this incident and there is no real medacine [sic] that can help me[.] I no longer have the will to live[.] I even had thoughts of comitting [sic] suicide because the treatment that I am recieving [sic] is unbearable and unlawful.

(Am. Compl. ¶¶ IV.A, V.)

Defendant moved to dismiss the Amended Complaint on September 4, 2012. (Docket Entry 28.) Plaintiff did not oppose the motion but, instead, filed a motion for a temporary restraining order and a preliminary injunction enjoining Defendant from "being able to come in contact with [Plaintiff] or to work in the same place that [he is] confined in." (Docket Entry 33.) Both motions are presently pending before the Court.

---

[1] It is unclear whether Plaintiff was denied meals altogether or whether he was required to eat his meals in his cell.

DISCUSSION

The Court will address Plaintiff's motion for injunctive relief before turning to the merits of Defendant's motion to dismiss.

I. Plaintiff's Motion for Preliminary Relief

Plaintiff seeks injunctive relief against Defendant who is a corrections officer employed by NCCC. Plaintiff, however, is no longer confined at NCCC.[2] The Second Circuit has held that "an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility." Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006); see also Young v. Coughlin, 866 F.2d 567, 568 n.1 (2d Cir. 1989). Accordingly, Plaintiff's motions are DENIED AS MOOT.

II. Defendant's Motion to Dismiss

A. Standard of Review

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient factual allegations in the complaint to "state a claim [for] relief that is plausible

---

[2] Although the docket indicates that Plaintiff is confined in NCCC, Plaintiff submitted a notice of change of address in another case pending before the undersigned, Justice v. Merchant, et al., No. 12-CV-5103 (E.D.N.Y.) (Docket Entry 27), informing the Court that he had been transferred to Greene Correctional Facility, P.O. Box 975, Coxsackie, NY 12051 as inmate number 12A5735. The Clerk of the Court is directed to update the docket to reflect Plaintiff's new address.

on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint does not need "detailed factual allegations," but it demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In addition, the facts pled in the complaint "must be enough to raise a right to relief above the speculative level." Id. Determining whether a plaintiff has met his burden is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

B. Analysis

The Court reads the Amended Complaint as asserting two claims for relief: one for excessive force and one for inhumane conditions, both in violation of the Eighth Amendment.[3] Defendant argues that both claims must be dismissed for failure to plead physical injury. The Court agrees. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Here, Plaintiff concedes that

---

[3] Plaintiff appears to have abandoned his claim under the First Amendment.

5

he has only suffered mental injuries. (See Am. Compl. ¶ IV.A.) Accordingly, he has failed to state a claim entitling him to relief, see, e.g., Aziz Zarif Shabazz v. Pico, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (finding that the defendants' threats of violence failed to state a claim because "verbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983" (internal quotation marks and citation omitted)); Greene v. Furman, 610 F. Supp. 2d 234, 237 (W.D.N.Y. 2009) (finding that allegations that an inmate was denied exercise were insufficient to state an Eighth Amendment claim because "[t]here is no indication in the complaint that the deprivations alleged by plaintiff . . . resulted in any physical injury"); cf. Rush v. Fischer, --- F. Supp. 2d ----, 2013 WL 542641, at *9 (S.D.N.Y. Feb. 14, 2013) (finding that an inmate who was deprived of a single meal did not state a claim for relief because only a "substantial deprivation of food" will be recognized as an Eighth Amendment violation), and Defendant's motion is hereby GRANTED.

III. Leave to Replead

Although, "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint," Hayden

6

v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999), "[w]hen the plaintiff is put on notice of the deficiencies in his complaint and fails to correct them in the amended complaint . . . dismissal with prejudice is proper," Posner v. Coopers & Lybrand, 92 F.R.D. 765, 770 (S.D.N.Y. 1981) (citing Denny v. Barber, 576 F.2d 465, 471 (2d Cir. 1978)), aff'd, 697 F.2d 296 (2d Cir. 1982); cf. Tyler v. Liz Claiborne, Inc., 814 F. Supp. 2d 323, 344 (S.D.N.Y. 2011) ("[A]s plaintiff has already amended his complaint twice, dismissal with prejudice is appropriate at this stage of the litigation." (collecting cases)).  Here, as Plaintiff's Amended Complaint failed to address, let alone correct, the pleading deficiencies in his original Complaint, the Court will not grant Plaintiff leave to file a Second Amended Complaint.  Accordingly, Plaintiff's claims are hereby DISMISSED WITH PREJUDICE.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a temporary restraining order and a preliminary injunction is DENIED AS MOOT, Defendant's motion to dismiss is GRANTED, and Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith; therefore, in forma pauperis status is DENIED for the purpose of an appeal.  See Coppedge v. United

States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to: (1) update the docket to reflect Plaintiff's transfer to Greene Correctional Facility, see supra note 2, (2) mail a copy of this Memorandum and Order to Plaintiff at that address; and (3) mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   April  29 , 2013
         Central Islip, NY

8